MISSOURI, K. & T. RY. CO. v. MILLER.
(No. 8031.)

(Court of Civil Appeals of Texas. Dallas. May 3, 1919.)

1. APPEAL AND ERROR ⬤⟿1160 — REVERSAL AND REMAND—AGREEMENTS OF COUNSEL.

The Court of Civil Appeals will not reverse and remand a case alone on agreement of counsel.

2. REMOVAL OF CAUSES ⬤⟿19(5) — ACTIONS ARISING UNDER FEDERAL LAW — DAMAGES TO INTERSTATE SHIPMENTS.

An action by a shipper for damages to a jack delivered to a connecting carrier in Missouri to be transported over its lines and defendant's lines to a point in this state, the injury occurring in 1913, involving interstate commerce, arose under the laws of the United States, in view of the Carmack Amendment and was removable to the federal courts, which had jurisdiction under Judicial Code, § 24 (U. S. Comp. St. § 991), notwithstanding that the jack was worth less than $3,000.

3. COMMERCE ⬤⟿8(12) — INTERSTATE COMMERCE—CARMACK AMENDMENT—EFFECT.

On the adoption of the Carmack Amendment to the Interstate Commerce Act (U. S. Comp. St. §§ 8604a, 8604aa), all laws and regulations of the various states affecting interstate transportation of freight were superseded, and the federal control under the amendment became exclusive.

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Action by Sam D. Miller against the Missouri, Kansas & Texas Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Chas. C. Huff, of Dallas, and Dinsmore, McMahan & Dinsmore, of Greenville, for appellant.

H. L. Carpenter and R. L. Porter, both of Greenville, for appellee.

RASBURY, J. [1] Appellant's first assignment of error presents the claim that the court erred in refusing to grant its petition to remove the case to the District Court of the United States for the Northern District of Texas. Counsel for appellee has also filed a written request that the case be reversed and remanded on that ground. We may not, however, reverse and remand alone on agreement of counsel. On that issue as disclosed by appellant's brief, appellee having filed none, appellee alleged that on February 7, 1913, he delivered a jack to appellant's connecting carrier at a point in the state of Missouri to be transported over its line and in turn delivered to appellant and by the latter transported to a point in this state, which both undertook to do, but that due to their negligence the animal was injured, as a result of which it subsequently died. Damages in the sum of $2,822.90, alleged to be the market value of the animal, and certain other incidental losses and expenditures, were sought. Petition and bond in due form were seasonably presented to the state court, requesting removal of the controversy to the proper District Court of the United States. The petition was denied.

At the time appellee's cause of action accrued and his petition was filed in the state court, the jurisdiction of the District Courts of the United States was defined in section 24 of the Judicial Code and its subdivisions. Act March 3, 1911, c. 231, 36 Stat. 1091; 1 U. S. S. A. 142; 1 U. S. Com. Stats. § 991. By subdivision 1 thereof District Courts of the United States at that time had original jurisdiction among others of all suits of a civil nature where the matter in controversy exceeded, exclusive of interest and costs, the sum or value of $3,000 and arose under the Constitution or laws of the United States. The amount in controversy here, as we have noted, is less than $3,000.

[2] However, the section just cited declares, in substance, that the amount in controversy shall not affect the jurisdiction of the district courts in certain cases, among them those enumerated in subdivision 8, which includes suits "arising under any law regulating commerce." The Code provisions are so plain they preclude discussion concerning their meaning. Subdivision 1 conferred jurisdiction when the matter in controversy exceeded $3,000, and arose under the Constitution or laws of the United States. If the suit arose under any law of the United States regulating commerce jurisdiction was dependent alone on whether the case arose under the Constitution or laws of the United States. The question then is, Did the case at bar arise under the Constitution or any law of the United States? That it did we think is quite clear. The shipment of freight from a given point in one state to a given point in another is interstate commerce. Such was the character of shipment by appellee.

[3] Upon the adoption by Congress in 1906 of what is commonly called the Carmack Amendment (Act June 29, 1906, c. 3591, § 7, pars. 11, 12, 34 Stat. 595 [U. S. Comp. St. §§ 8604a, 8604aa]) to the Interstate Commerce Act, all laws and regulations of the various states affecting interstate transportation of freight were superseded, and federal control under that amendment became exclusive. Adams Express Co. v. Croninger, 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257. There is no law that can exclude and supersede all state regulations of interstate commerce save the law of the United States. It being so, it is hardly necessary to argue that the case at bar is one arising under the Constitution or laws of the United States. The precise question was decided in Alabama Great Southern Ry. Co. v. American Cotton Oil Co., 229 Fed. 11, 143 C. C. A. 313. It is to be noted that the Code was amended by the act of January 20, 1914, requiring not only that the suit should arise under the Constitution or laws of the United States, but that the amount in controversy should exceed $3,000, etc. Section 28, Judicial Code; chapter 11, 38 Stats. 278; 1 U. S. S. A. 304; U. S. Comp. St. § 1010. That amendment was in effect when the case cited from the Circuit Court of Appeals was decided. Hence the reference therein to the amount in controversy.

The judgment is reversed, and the cause remanded for further proceedings consistent with the views herein expressed.